Page 1

1  UNITED STATES DISTRICT COURT
2  EASTERN DISTRICT OF KENTUCKY
3  CENTRAL DIVISION
4  FRANKFORT
5  CIVIL ACTION NO. 3:19-CV-00049-GFVT
6  JUDGE GREGORY F. VAN TATENHOVE
7
8  ZILLOW, INC.,
9  Plaintiff,
10
11  VS.
12
13  HON. THOMAS B. MILLER, IN HIS/HER OFFICIAL CAPACITY AS
14  COMMISSIONER OF THE KENTUCKY DEPARTMENT OF REVENUE,
15  ET AL.,
16  Defendants.
17
18
19
20
21
22
23  DEPONENT: REBECCA JOHNSON
24  DATE: MARCH 3, 2021
25  REPORTER: LINDSEY N. JOHNSON

Page 2

| | |
|---|---|
| 1 | APPEARANCES |
| 2 | |
| 3 | ON BEHALF OF THE PLAINTIFF: |
| 4 | Darren W. Ford |
| 5 | Graydon Head & Ritchey, LLP |
| 6 | 2400 Chamber Center Drive |
| 7 | Suite 300 |
| 8 | Fort Mitchell, Kentucky 41017 |
| 9 | Telephone No.: (859) 578-7263 |
| 10 | Facsimile No.: (859) 578-3073 |
| 11 | E-mail: dford@graydon.com |
| 12 | (Appeared via videoconference) |
| 13 | |
| 14 | AND |
| 15 | |
| 16 | John C. Greiner |
| 17 | Graydon Head & Ritchey, LLP |
| 18 | 312 Walnut Street |
| 19 | Suite 1800 |
| 20 | Cincinnati, Ohio 45202 |
| 21 | Telephone No.: (513) 629-2734 |
| 22 | Facsimile No.: (513) 333-4316 |
| 23 | E-mail: jgreiner@graydon.law |
| 24 | (Appeared via videoconference) |
| 25 | |

Page 3

| | |
|---|---|
| 1 | APPEARANCES (CONTINUED) |
| 2 | |
| 3 | ON BEHALF OF THE DEFENDANTS: |
| 4 | Richard W. Bertelson, III |
| 5 | Nicole Sergent |
| 6 | Office of Legal Services for Revenue |
| 7 | PO Box 423 |
| 8 | Frankfort, Kentucky 40602 |
| 9 | Telephone No.: (502) 564-9572 |
| 10 | E-mail: richard.berelson@ky.gov |
| 11 | E-mail: nicole.sergent@ky.gov |
| 12 | (Appeared via videoconference) |

Page 4

| | |
|---|---|
| 1 | INDEX |
| 2 | Page |
| 3 | PROCEEDINGS                              6 |
| 4 | DIRECT EXAMINATION BY MR. FORD           7 |
| 5 | |
| 6 | EXHIBITS |
| 7 | Exhibit                                Page |
| 8 | Exhibit 14 - Email String in re: Zillow:   9 |
| 9 | RKS [sic] Request - Franklin KY |

Page 5

1   STIPULATION
2
3   The 30(b)(6) deposition of REBECCA JOHNSON was taken at
4   the office of Kentuckiana Court Reporters, located at
5   730 West Main Street, Suite 101, Louisville, Kentucky
6   40202, via videoconference in which all participants
7   attended remotely, on Wednesday, the 3rd day of March
8   2021 at 12:03 p.m.; said deposition was taken pursuant
9   to the Federal Rules of Civil Procedure.  The oath in
10  this matter was sworn remotely pursuant to FRCP 30.
11
12  It is agreed that Lindsey N. Johnson, being a Notary
13  Public and Court Reporter for the State of Kentucky,
14  may swear the witness and that the reading and signing
15  of the completed transcript by the witness is not
16  waived.

Veritext Legal Solutions
www.veritext.com                                              888-391-3376

Page 6

1  PROCEEDINGS
2
3  COURT REPORTER: We are now on the record.
4  Will all parties present please state your
5  appearance, how you are attending, and the location
6  you are attending from?
7  MR. FORD: Darren Ford for Plaintiff, Zillow,
8  Inc., in Fort Mitchell participating via Zoom.
9  MR. BERTELSON: Rick Bertelson with the Office
10 of Legal Services for the Department of Revenue,
11 participating from the Franklin County PVA office,
12 313 West Main Street, Frankfort, Kentucky.
13 MS. JOHNSON: Rebecca Johnson. I'm here in
14 the Franklin County PVA office, and I'm the chief
15 deputy here.
16 MS. SERGENT: I'm Nicole Sergent, and I'm
17 appearing on behalf of the department of revenue
18 and the Defendants. I am appearing via Zoom from
19 Lexington, Kentucky.
20 COURT REPORTER: Ms. Johnson, will you please
21 hold your driver's license up to the camera and
22 wait until it is focused?
23 Do all parties present agree that the witness
24 is, in fact, Rebecca Johnson?
25 MR. BERTELSON: Yes.

Page 7

1  COURT REPORTER: Mr. Ford, your audio didn't
2  work. I saw your mouth move.
3  MR. FORD: Yes, I agree.
4  COURT REPORTER: Thank you.
5  Ms. Johnson, will you please raise your right
6  hand? Do you swear or affirm that the testimony
7  you are about to give will be the truth, the whole
8  truth, and nothing but the truth?
9  THE WITNESS: Yes.
10 COURT REPORTER: Thank you. Mr. Ford?
11     DIRECT EXAMINATION
12 BY MR. FORD:
13 Q. Good morning, Ms. Johnson. I believe you
14 heard earlier I introduced myself. I'm the attorney
15 for Zillow, Inc., in a lawsuit filed against the
16 Franklin County PVA, among others.
17     Would you go ahead and just recite your name
18 again for the record?
19 A. Rebecca Johnson.
20 Q. Okay. And what's your current title with the
21 Franklin County Property Valuation Administrator?
22 A. Chief deputy.
23 Q. And you understand if I use "PVA" that I'm
24 referring to property valuation administrator?
25 A. Yes.

Page 8

1 Q. And you have been, I think, a little bit on
2 the fly, but that's okay, designated as a
3 representative of the office of property valuation
4 administrator for Franklin County to testify on a
5 couple of limited subjects here that were better within
6 your knowledge; is that correct?
7 A. Yes.
8 Q. Have you been deposed before?
9 A. No.
10 Q. Real quick, obviously, I'm going to give you
11 -- I'm going to ask you some questions. You're going
12 to give me your answers.
13    You understand you're under oath with those
14 answers?
15 A. Yes.
16 Q. I think you saw generally how that process
17 went with Ms. Lang. If you could just wait a moment,
18 give the court reporter to lodge any objections of
19 Mr. Bertelson that he may lodge, and we'll try -- we'll
20 do our best here to talk -- or to not talk over one
21 another.
22    We've been doing our best to talk over one
23 another, but we'll do our best to not talk over one
24 another for a change. And hopefully we'll make it a
25 little easier on Lindsey to take down what we're

Page 9

1 saying.
2    But anyway, I want to move on here because I
3 know Mr. Bertelson here has to run to Owen County.
4    But the topics on which we are going to ask
5 you about have to do with your -- two topics. One are
6 your communications that you had with Sue Noto of
7 Zillow back in 2019. And I've got a copy of those that
8 are here. I don't know if you have Exhibit 14 in front
9 of you or you have ready access to it.
10 A. Yes.
11 Q. Okay. And then the other question I want to
12 -- Ms. Lang had deferred to you on some questions about
13 computer systems used to satisfy public record requests
14 that might come in the door. So those are the two
15 limited topics that we're going to ask you about today.
16    But just for background purposes, how long
17 have you been employed as a deputy clerk with the PVA
18 of Franklin County?
19 A. Franklin County, since 2004.
20 Q. Okay. So about 17 years, almost?
21 A. Prior to that, I was in the Pike County PVA
22 office.
23 Q. So --
24 A. In '97, I started there.
25 Q. Okay. So over two decades with PVAs?

3 (Pages 6 - 9)

Page 10

1  A. Yes.
2  Q. Okay. And your current title, as you
3  mentioned, is deputy clerk.
4     Is that sort of second in command of the
5  office?
6  A. Yes.
7  Q. So let's turn to Exhibit 14, Ms. Johnson, if
8  you would, and that is the e-mail string that has as
9  the Exhibit Numbers DEF -- or sorry, as the Bates
10 number DEF 000112 through DEF 000114.
11    Do you have all three pages of that?
12    (EXHIBIT 14 MARKED FOR IDENTIFICATION)
13 A. Wait a minute. What was that? Which one is
14 it? He'll get it for me.
15 Q. Exhibit 14.
16    MR. BERTELSON: That was one of the things I
17 e-mailed to Kellie --
18    THE WITNESS: Okay.
19    MR. BERTELSON: -- the day before yesterday.
20    THE WITNESS: Okay. We'll find it. The day
21 before yesterday? Did you say 14?
22    MR. BERTELSON: Uh-huh.
23    THE WITNESS: Okay.
24    MR. BERTELSON: It would be from me. There
25 you go.

Page 11

1     THE WITNESS: There you go. Yes.
2  BY MR. FORD:
3  Q. So if you turn to the second page of that
4  document, which has the Bates number DEF 000113,
5  there's an e-mail from Sue Noto to Kellie Lang.
6     Do you see that?
7  A. Yes.
8  Q. And I hate to cross-reference too many
9  exhibits here, but Exhibit 3, which is the complaint in
10 this case, there was a letter to Ms. Lang from Ms. Noto
11 dated April 25, 2019, and it's Exhibit E to the
12 complaint in Exhibit 3 on page 44.
13 A. Yes.
14 Q. And do you recognize that as the letter that
15 was attached to that e-mail that is --
16 A. Yes.
17 Q. -- on that string?
18 A. Yes.
19 Q. Okay. And so there's a response there from
20 Ms. Lang to Ms. Noto, and it says, "In order to receive
21 our tax assessment data, we will need to charge your
22 company for this request."
23    And then Ms. Noto responds, "Yes. Please
24 provide a price quote for the data."
25    And then the e-mail above that is from you.

Page 12

1  And Rebecca Johnson is you, right?
2  A. Yes.
3  Q. On Monday, April 29, 2019 to Sue Noto that
4  says, "The price will be 50 request fee and $0.40 per
5  parcel, 24686."
6     I guess that's the number of parcels, right?
7  A. Yes.
8  Q. 24,000?
9  A. Yes, sir.
10 Q. And then the total amount -- total cost is
11 $9,924.40, right?
12 A. Correct.
13 Q. The tax amount to be paid is not included in
14 that.
15    Is that a sales tax, basically, that you
16 charge?
17 A. No, that is actually property tax. We did
18 not have that information at the time that I spoke with
19 Ms. Noto.
20 Q. Gotcha. So at least $9,924 is the price
21 quote that you provided to her.
22    Now, that is a price quote that was based
23 upon the PVA's commercial fee guidelines; is that
24 correct?
25 A. Correct.

Page 13

1  Q. Now, did you, Ms. Johnson, make the
2  determination that Zillow was a commercial purpose
3  requester?
4  A. I just completely go by the fee schedule.
5  Q. Okay. Well, so the next e-mail on the first
6  page of that document is from Ms. Noto to you dated
7  May 1.
8     Do you see that?
9  A. Yes.
10 Q. And she says at the end of her question, or
11 sort of the end of the paragraph there, "Is that a fee
12 for a 'commercial purpose' request?"
13    Do you see that?
14 A. Yes.
15 Q. And then your response to her is, "Yes, that
16 is the fee for a 'commercial purpose.'"
17    Do you see that?
18 A. Correct.
19 Q. Okay. Who made the determination that Zillow
20 was a commercial purpose requester? Do you know?
21 A. That was from me. That was my e-mail to her.
22 Q. Right. But had you made the -- had you made
23 the determination that Zillow was a commercial purpose
24 requester, or were you -- was that a determination made
25 by Ms. Lang or somebody else at the office?

4 (Pages 10 - 13)

Page 14
1  A. No. I guess that was -- I just go on the fee
2  schedule, and it says for commercial purposes.
3  Q. Right. But what made you -- what -- so
4  Ms. Noto asked you, "Is that a fee for a commercial
5  purpose request?" and you said -- then you said, "Yes."
6  But at some point in time, there must have
7  been a determination that Zillow was a commercial
8  purpose requester, right?
9  A. I can get on Zillow and see on their website
10 that it is a business. The only way we don't is for
11 individual property owners.
12 Q. Did you then personally decide that Zillow
13 was a commercial purpose requester? I know Ms. Lang
14 had testified she wasn't sure if she did.
15 A. I mean, I'm sure I did if that's what that
16 says, but that's because they are not the property
17 owner.
18 Q. Okay. So the standard is not the property
19 owner for whether someone is a commercial purpose
20 requester?
21 A. Yes.
22 Q. All right. And then the second topic of
23 conversation Ms. Lang had deferred to you on was
24 systems that your office uses to respond to public
25 records requests. And the question I had for you on

Page 15
1  this is that if -- when you respond to a bulk request
2  like a
3  Zillow where they ask for the entire property tax roll
4  file or a CoreLogic or a Black Knight, is that
5  something that you are charged with handling in terms
6  of getting the data to the requester?
7  A. Yes.
8  Q. Okay. So walk me through that process in
9  terms of the activities required to satisfy the
10 request.
11 You get -- the request comes in, you give
12 them a quote, they pay you, presumably, and then what
13 do you physically do to get them that data? You know,
14 is it a situation where you have a computer, and you go
15 and you burn a CD? You use a thumb drive? What do you
16 typically use?
17 A. It's depending on the -- the person that's
18 requesting it. Sometimes they'll bring me a thumb
19 drive. Sometimes they'll mail me one and want me to
20 mail it back. We've burn them onto CDs.
21 Q. Okay. So the copy is up to the requester,
22 and you use various kinds?
23 A. Yes.
24 Q. In terms of what you have to do to copy the
25 information to the media that the requester has asked

Page 16
1  to use for the transfer, is it just the question of
2  going to your computer and download -- copying the
3  files from your servers to that media, or is there
4  another step involved?
5  A. No, there's -- there's quite a few steps
6  involved. It's -- you know, it all depends on what
7  they're requesting.
8  Q. Okay. Well, let's say the Zillow request and
9  the records that they're asking for, the property tax
10 roll file.
11 What are the steps to copy the data to get to
12 a requester that you would need to perform to satisfy a
13 request?
14 A. On the letter that Zillow was requesting --
15 of course, I spoke with Susan Noto on that request, but
16 I usually have to download all of our -- update our
17 data file, because that doesn't -- it's just updated in
18 here daily, but to actually send out to somebody, it
19 has to be updated. That could take anywhere from an
20 hour to three hours to update the file to send out.
21 That has to be exported and burned on whatever they
22 want.
23 Then we would have to go to -- there's
24 several different programs all involved in everything.
25 So then we've got to go to the other program and select

Page 17
1  them all and burn all that onto a CD and take out the
2  stuff that they don't want.
3  Q. Okay. Any other steps involved?
4  A. No.
5  Q. In terms of the updating data, one to three
6  hours, is that something where you, as the employee
7  doing that, has to sit and wait for that to happen, or
8  you can leave it running and then go do something else?
9  A. No, I have to wait on it, because my computer
10 will bog down.
11 Q. Are you able to do other work, though,
12 noncomputer-based while that update is happening?
13 A. Not much.
14 Q. So we've got updating the data that has been
15 requested. Then exporting that data to the media that
16 has been requested by the requester. And then if
17 there's other data that they've requested, there's
18 other programs that are used to maintain that data, and
19 you have to go and employ several -- you have to
20 update, potentially, that data as well to get that?
21 A. Sometimes, yes.
22 Q. Okay. So in -- you're going to get that
23 data, though, in another program, and then you're
24 burning that to media as well, but essentially, it's
25 updating files and copying the data to a media.

Page 18

1  Those are the two primary activities to be
2  able to satisfy the request, correct?
3      A.  Yes.
4      Q.  Okay.  And is -- are there any other
5  employees involved in doing that other than yourself,
6  if you're charged with it?
7      A.  No.
8      Q.  What's your hourly rate?  Do you know?  Or do
9  you get a salary?
10     A.  I have no idea.
11     Q.  Are you salaried?
12     A.  Yes, but I don't know what it is.
13     Q.  All right.  That's okay.  If you're salaried,
14 then it's -- you know, it's not -- you don't make a per
15 hour.
16      You don't get overtime, then, I assume,
17 right?
18     A.  No, no.
19     MR. FORD:  Okay.  I think those are the two
20 topics that Ms. Lang deferred to you on.  I think I
21 can probably pass you to Mr. Bertelson here if he
22 wants to ask some questions as well.
23     MR. BERTELSON:  I have no questions.
24     MR. FORD:  Okay.  And I don't think we asked
25 Ms. Lang whether you wanted to have them read and

Page 19

1  sign, Rick?
2      MR. BERTELSON:  Yeah, I think let's do that
3  for each of the witnesses.
4      (DEPOSITION CONCLUDED AT 12:17 P.M.)

Page 20

1           CERTIFICATE OF REPORTER
2           COMMONWEALTH OF KENTUCKY AT LARGE
3
4  I do hereby certify that the witness in the foregoing
5  transcript was taken on the date, and at the time and
6  place set out on the Title page hereof, by me after
7  first being duly sworn to testify the truth, the whole
8  truth, and nothing but the truth; and that the said
9  matter was recorded by me and then reduced to
10 typewritten form under my direction, and constitutes a
11 true record of the transcript as taken, all to the best
12 of my skill and ability.  I certify that I am not a
13                       either counsel and that I am in
14                       ially, directly or indirectly,
15
16
17
18
19
20
21
22 LINDSEY JOHNSON,
23 COURT REPORTER/NOTARY
24 MY COMMISSION EXPIRES:05/24/2023
25 SUBMITTED ON: 03/15/2021

Page 21

1          Veritext Legal Solutions
             1100 Superior Ave
2              Suite 1820
           Cleveland, Ohio 44114
3           Phone: 216-523-1313
4
  March 18, 2021
5
  To: Mr. Bertelson
6
  Case Name: Zillow, Inc. v. Hon. Thomas B. Miller, Et Al.
7
  Veritext Reference Number: 4458274
8
  Witness:  Rebecca Johnson , 30(b)(6)       Deposition Date:
9  3/3/2021
10
  Dear Sir/Madam:
11
12 Enclosed please find a deposition transcript.  Please have the witness
13 review the transcript and note any changes or corrections on the
14 included errata sheet, indicating the page, line number, change, and
15 the reason for the change.  Have the witness' signature notarized and
16 forward the completed page(s) back to us at the Production address
   shown
17
   above, or email to production-midwest@veritext.com.
18
19 If the errata is not returned within thirty days of your receipt of
20 this letter, the reading and signing will be deemed waived.
21
   Sincerely,
22
   Production Department
23
24
25 NO NOTARY REQUIRED IN CA

Page 22

1     DEPOSITION REVIEW
      CERTIFICATION OF WITNESS
2
   ASSIGNMENT REFERENCE NO: 4458274
3   CASE NAME: Zillow, Inc. v. Hon. Thomas B. Miller, Et Al.
   DATE OF DEPOSITION: 3/3/2021
4   WITNESS' NAME: Rebecca Johnson , 30(b)(6)
5    In accordance with the Rules of Civil
Procedure, I have read the entire transcript of
6 my testimony or it has been read to me.
7    I have made no changes to the testimony
as transcribed by the court reporter.
8
  _____   _____
9  Date         Rebecca Johnson , 30(b)(6)
10    Sworn to and subscribed before me, a
Notary Public in and for the State and County,
11 the referenced witness did personally appear
and acknowledge that:
12
   They have read the transcript;
13   They signed the foregoing Sworn
    Statement; and
14   Their execution of this Statement is of
    their free act and deed.
15
   I have affixed my name and official seal
16
this _____ day of_____, 20____.
17
   _____
18   Notary Public
19   _____
   Commission Expiration Date

Page 23

1     DEPOSITION REVIEW
      CERTIFICATION OF WITNESS
2
   ASSIGNMENT REFERENCE NO: 4458274
3   CASE NAME: Zillow, Inc. v. Hon. Thomas B. Miller, Et Al.
   DATE OF DEPOSITION: 3/3/2021
4   WITNESS' NAME: Rebecca Johnson , 30(b)(6)
5    In accordance with the Rules of Civil
Procedure, I have read the entire transcript of
6 my testimony or it has been read to me.
7    I have listed my changes on the attached
Errata Sheet, listing page and line numbers as
8 well as the reason(s) for the change(s).
9    I request that these changes be entered
as part of the record of my testimony.
10
   I have executed the Errata Sheet, as well
11 as this Certificate, and request and authorize
that both be appended to the transcript of my
12 testimony and be incorporated therein.
13 _____   _____
   Date         Rebecca Johnson , 30(b)(6)
14
   Sworn to and subscribed before me, a
15 Notary Public in and for the State and County,
the referenced witness did personally appear
16 and acknowledge that:
17   They have read the transcript;
   They have listed all of their corrections
18     in the appended Errata Sheet;
   They signed the foregoing Sworn
19     Statement; and
   Their execution of this Statement is of
20     their free act and deed.
21   I have affixed my name and official seal
22 this _____ day of_____, 20____.
23   _____
   Notary Public
24
   _____
25   Commission Expiration Date

Page 24

1     ERRATA SHEET
   VERITEXT LEGAL SOLUTIONS MIDWEST
2   ASSIGNMENT NO: 4458274
3 PAGE/LINE(S) /    CHANGE    /REASON
4 _____
5 _____
6 _____
7 _____
8 _____
9 _____
10 _____
11 _____
12 _____
13 _____
14 _____
15 _____
16 _____
17 _____
18 _____
19
_____   _____
20  Date         Rebecca Johnson , 30(b)(6)
21 SUBSCRIBED AND SWORN TO BEFORE ME THIS _____
22 DAY OF _____, 20_____ .
23   _____
   Notary Public
24
   _____
25   Commission Expiration Date

| & | 3/3/2021 21:9 22:3 23:3 | 8 | appended 23:11 23:18 |
|---|---|---|---|
| **&** 2:5,17 | **30** 5:3,10 21:8 22:4,9 23:4,13 24:20 | **859** 2:9,10 | **april** 11:11 12:3 |
| **0** | | **9** | **asked** 14:4 15:25 18:24 |
| **0.40** 12:4 | **300** 2:7 | **9** 4:8 | **asking** 16:9 |
| **000112** 10:10 | **312** 2:18 | **9,924** 12:20 | **assessment** 11:21 |
| **000113** 11:4 | **313** 6:12 | **9,924.40** 12:11 | **assignment** 22:2 23:2 24:2 |
| **000114** 10:10 | **333-4316** 2:22 | **97** 9:24 | **assume** 18:16 |
| **00049** 1:5 | **3:19** 1:5 | **a** | **attached** 11:15 23:7 |
| **03/15/2021** 20:25 | **3rd** 5:7 | **ability** 20:12 | **attended** 5:7 |
| **05/24/2023** 20:24 | **4** | **able** 17:11 18:2 | **attending** 6:5,6 |
| **1** | **40202** 5:6 | **access** 9:9 | **attorney** 7:14 |
| **1** 13:7 | **40602** 3:8 | **acknowledge** 22:11 23:16 | **audio** 7:1 |
| **101** 5:5 | **41017** 2:8 | **act** 22:14 23:20 | **authorize** 23:11 |
| **1100** 21:1 | **423** 3:7 | **action** 1:5 20:15 | **ave** 21:1 |
| **12:03** 5:8 | **44** 11:12 | **activities** 15:9 18:1 | **b** |
| **12:17** 19:4 | **44114** 21:2 | **address** 21:16 | **b** 1:13 5:3 21:6,8 22:3,4,9 23:3,4,13 24:20 |
| **14** 4:8 9:8 10:7,12 10:15,21 | **4458274** 21:7 22:2 23:2 24:2 | **administrator** 7:21,24 8:4 | **back** 9:7 15:20 21:16 |
| **17** 9:20 | **45202** 2:20 | **affirm** 7:6 | **background** 9:16 |
| **18** 21:4 | **5** | **affixed** 22:15 23:21 | **based** 12:22 17:12 |
| **1800** 2:19 | **50** 12:4 | **agree** 6:23 7:3 | **basically** 12:15 |
| **1820** 21:2 | **502** 3:9 | **agreed** 5:12 | **bates** 10:9 11:4 |
| **2** | **513** 2:21,22 | **ahead** 7:17 | **behalf** 2:3 3:3 6:17 |
| **20** 22:16 23:22 24:22 | **564-9572** 3:9 | **al** 1:15 21:6 22:3 23:3 | **believe** 7:13 |
| **2004** 9:19 | **578-3073** 2:10 | **amount** 12:10,13 | **bertelson** 3:4 6:9,9 6:25 8:19 9:3 10:16,19,22,24 18:21,23 19:2 21:5 |
| **2019** 9:7 11:11 12:3 | **578-7263** 2:9 | **answers** 8:12,14 | |
| **2021** 1:24 5:8 21:4 | **6** | **anyway** 9:2 | |
| **216-523-1313** 21:3 | **6** 4:3 5:3 21:8 22:4 22:9 23:4,13 24:20 | **appear** 22:11 23:15 | |
| **24,000** 12:8 | **629-2734** 2:21 | **appearance** 6:5 | **best** 8:20,22,23 20:11 |
| **2400** 2:6 | **7** | **appearances** 2:1 3:1 | |
| **2408** 20:19 | **7** 4:4 | **appeared** 2:12,24 3:12 | **better** 8:5 |
| **24686** 12:5 | **730** 5:5 | **appearing** 6:17,18 | **bit** 8:1 |
| **25** 11:11 | | | **black** 15:4 |
| **29** 12:3 | | | |
| **3** | | | |
| **3** 1:24 11:9,12 | | | |

**bog** 17:10
**box** 3:7
**bring** 15:18
**bulk** 15:1
**burn** 15:15,20 17:1
**burned** 16:21
**burning** 17:24
**business** 14:10

**c**

**c** 2:16
**ca** 21:25
**camera** 6:21
**capacity** 1:13
**case** 11:10 21:6 22:3 23:3
**cd** 15:15 17:1
**cds** 15:20
**center** 2:6
**central** 1:3
**certificate** 20:1 23:11
**certification** 22:1 23:1
**certify** 20:4,12
**chamber** 2:6
**change** 8:24 21:14 21:15 23:8 24:3
**changes** 21:13 22:7 23:7,9
**charge** 11:21 12:16
**charged** 15:5 18:6
**chief** 6:14 7:22
**cincinnati** 2:20
**civil** 1:5 5:9 22:5 23:5
**clerk** 9:17 10:3
**cleveland** 21:2
**come** 9:14

**comes** 15:11
**command** 10:4
**commercial** 12:23 13:2,12,16,20,23 14:2,4,7,13,19
**commission** 20:24 22:19 23:25 24:25
**commissioner** 1:14
**commonwealth** 20:2
**communications** 9:6
**company** 11:22
**complaint** 11:9,12
**completed** 5:15 21:16
**completely** 13:4
**computer** 9:13 15:14 16:2 17:9
**concluded** 19:4
**constitutes** 20:10
**continued** 3:1
**conversation** 14:23
**copy** 9:7 15:21,24 16:11
**copying** 16:2 17:25
**corelogic** 15:4
**correct** 8:6 12:12 12:24,25 13:18 18:2
**corrections** 21:13 23:17
**cost** 12:10
**counsel** 20:13
**county** 6:11,14 7:16,21 8:4 9:3,18 9:19,21 22:10 23:15

**couple** 8:5
**course** 16:15
**court** 1:1 5:4,13 6:3,20 7:1,4,10 8:18 20:23 22:7
**cross** 11:8
**current** 7:20 10:2
**cv** 1:5

**d**

**daily** 16:18
**darren** 2:4 6:7
**data** 11:21,24 15:6 15:13 16:11,17 17:5,14,15,17,18 17:20,23,25
**date** 1:24 20:5 21:8 22:3,9,19 23:3,13,25 24:20 24:25
**dated** 11:11 13:6
**day** 5:7 10:19,20 22:16 23:22 24:22
**days** 21:19
**dear** 21:10
**decades** 9:25
**decide** 14:12
**deed** 22:14 23:20
**deemed** 21:20
**def** 10:9,10,10 11:4
**defendants** 1:16 3:3 6:18
**deferred** 9:12 14:23 18:20
**department** 1:14 6:10,17 21:22
**depending** 15:17
**depends** 16:6
**deponent** 1:23
**deposed** 8:8

**deposition** 5:3,8 19:4 21:8,12 22:1 22:3 23:1,3
**deputy** 6:15 7:22 9:17 10:3
**designated** 8:2
**determination** 13:2,19,23,24 14:7
**dford** 2:11
**different** 16:24
**direct** 4:4 7:11
**direction** 20:10
**directly** 20:14
**district** 1:1,2
**division** 1:3
**document** 11:4 13:6
**doing** 8:22 17:7 18:5
**door** 9:14
**download** 16:2,16
**drive** 2:6 15:15,19
**driver's** 6:21
**duly** 20:7

**e**

**e** 2:11,23 3:10,11 10:8,17 11:5,11,15 11:25 13:5,21
**earlier** 7:14
**easier** 8:25
**eastern** 1:2
**either** 20:13
**email** 4:8 21:17
**employ** 17:19
**employed** 9:17
**employee** 17:6 20:13
**employees** 18:5
**enclosed** 21:12
**entered** 23:9

**entire** 15:3 22:5 23:5
**errata** 21:14,19 23:7,10,18 24:1
**essentially** 17:24
**et** 1:15 21:6 22:3 23:3
**examination** 4:4 7:11
**executed** 23:10
**execution** 22:14 23:19
**exhibit** 4:7,8 9:8 10:7,9,12,15 11:9 11:11,12
**exhibits** 4:6 11:9
**expiration** 22:19 23:25 24:25
**expires** 20:24
**exported** 16:21
**exporting** 17:15

**f**

**f** 1:6
**facsimile** 2:10,22
**fact** 6:24
**federal** 5:9
**fee** 12:4,23 13:4,11 13:16 14:1,4
**file** 15:4 16:10,17 16:20
**filed** 7:15
**files** 16:3 17:25
**financially** 20:14
**find** 10:20 21:12
**first** 13:5 20:7
**fly** 8:2
**focused** 6:22
**ford** 2:4 4:4 6:7,7 7:1,3,10,12 11:2 18:19,24

**foregoing** 20:4 22:13 23:18
**form** 20:10
**fort** 2:8 6:8
**forward** 21:16
**frankfort** 1:4 3:8 6:12
**franklin** 4:9 6:11 6:14 7:16,21 8:4 9:18,19
**frcp** 5:10
**free** 22:14 23:20
**front** 9:8

**g**

**generally** 8:16
**getting** 15:6
**gfvt** 1:5
**give** 7:7 8:10,12,18 15:11
**go** 7:17 10:25 11:1 13:4 14:1 15:14 16:23,25 17:8,19
**going** 8:10,11,11 9:4,15 16:2 17:22
**good** 7:13
**gotcha** 12:20
**graydon** 2:5,17
**graydon.com** 2:11
**graydon.law** 2:23
**gregory** 1:6
**greiner** 2:16
**guess** 12:6 14:1
**guidelines** 12:23

**h**

**hand** 7:6
**handling** 15:5
**happen** 17:7
**happening** 17:12
**hate** 11:8

**he'll** 10:14
**head** 2:5,17
**heard** 7:14
**hereof** 20:6
**hold** 6:21
**hon** 1:13 21:6 22:3 23:3
**hopefully** 8:24
**hour** 16:20 18:15
**hourly** 18:8
**hours** 16:20 17:6
**huh** 10:22

**i**

**idea** 18:10
**identification** 10:12
**iii** 3:4
**included** 12:13 21:14
**incorporated** 23:12
**index** 4:1
**indicating** 21:14
**indirectly** 20:14
**individual** 14:11
**information** 12:18 15:25
**interested** 20:14
**introduced** 7:14
**involved** 16:4,6,24 17:3 18:5

**j**

**jgreiner** 2:23
**john** 2:16
**johnson** 1:23,25 5:3,12 6:13,13,20 6:24 7:5,13,19 10:7 12:1 13:1 20:22 21:8 22:4,9 23:4,13 24:20

**judge** 1:6

**k**

**kellie** 10:17 11:5
**kentuckiana** 5:4
**kentucky** 1:2,14 2:8 3:8 5:5,13 6:12,19 20:2
**kinds** 15:22
**knight** 15:4
**know** 9:3,8 13:20 14:13 15:13 16:6 18:8,12,14
**knowledge** 8:6
**ky** 4:9
**ky.gov** 3:10,11

**l**

**lang** 8:17 9:12 11:5,10,20 13:25 14:13,23 18:20,25
**large** 20:2
**lawsuit** 7:15
**leave** 17:8
**legal** 3:6 6:10 21:1 24:1
**letter** 11:10,14 16:14 21:20
**lexington** 6:19
**license** 6:21
**limited** 8:5 9:15
**lindsey** 1:25 5:12 8:25 20:22
**line** 21:14 23:7 24:3
**listed** 23:7,17
**listing** 23:7
**little** 8:1,25
**llp** 2:5,17
**located** 5:4
**location** 6:5

**lodge** 8:18,19
**long** 9:16
**louisville** 5:5

**m**

**madam** 21:10
**mail** 2:11,23 3:10 3:11 10:8 11:5,15 11:25 13:5,21 15:19,20
**mailed** 10:17
**main** 5:5 6:12
**maintain** 17:18
**march** 1:24 5:7 21:4
**marked** 10:12
**matter** 5:10 20:9
**mean** 14:15
**media** 15:25 16:3 17:15,24,25
**mentioned** 10:3
**midwest** 21:17 24:1
**miller** 1:13 21:6 22:3 23:3
**minute** 10:13
**mitchell** 2:8 6:8
**moment** 8:17
**monday** 12:3
**morning** 7:13
**mouth** 7:2
**move** 7:2 9:2

**n**

**n** 1:25 5:12
**name** 7:17 21:6 22:3,4,15 23:3,4 23:21
**need** 11:21 16:12
**nicole** 3:5 6:16
**nicole.sergent** 3:11

**noncomputer** 17:12
**notarized** 21:15
**notary** 5:12 20:23 21:25 22:10,18 23:15,23 24:23
**note** 21:13
**noto** 9:6 11:5,10 11:20,23 12:3,19 13:6 14:4 16:15
**number** 10:10 11:4 12:6 21:7,14
**numbers** 10:9 23:7

**o**

**oath** 5:9 8:13
**objections** 8:18
**obviously** 8:10
**office** 3:6 5:4 6:9 6:11,14 8:3 9:22 10:5 13:25 14:24
**official** 1:13 22:15 23:21
**ohio** 2:20 21:2
**okay** 7:20 8:2 9:11 9:20,25 10:2,18,20 10:23 11:19 13:5 13:19 14:18 15:8 15:21 16:8 17:3 17:22 18:4,13,19 18:24
**order** 11:20
**overtime** 18:16
**owen** 9:3
**owner** 14:17,19
**owners** 14:11

**p**

**p.m.** 5:8 19:4
**page** 4:2,7 11:3,12 13:6 20:6 21:14

21:16 23:7 24:3
**pages** 10:11
**paid** 12:13
**paragraph** 13:11
**parcel** 12:5
**parcels** 12:6
**part** 23:9
**participants** 5:6
**participating** 6:8 6:11
**parties** 6:4,23
**pass** 18:21
**pay** 15:12
**perform** 16:12
**person** 15:17
**personally** 14:12 22:11 23:15
**phone** 21:3
**physically** 15:13
**pike** 9:21
**place** 20:6
**plaintiff** 1:9 2:3 6:7
**please** 6:4,20 7:5 11:23 21:12,12
**po** 3:7
**point** 14:6
**potentially** 17:20
**present** 6:4,23
**presumably** 15:12
**price** 11:24 12:4 12:20,22
**primary** 18:1
**prior** 9:21
**probably** 18:21
**procedure** 5:9 22:5 23:5
**proceedings** 4:3 6:1
**process** 8:16 15:8

**production** 21:16 21:17,22
**program** 16:25 17:23
**programs** 16:24 17:18
**property** 7:21,24 8:3 12:17 14:11 14:16,18 15:3 16:9
**provide** 11:24
**provided** 12:21
**public** 5:13 9:13 14:24 22:10,18 23:15,23 24:23
**purpose** 13:2,12 13:16,20,23 14:5,8 14:13,19
**purposes** 9:16 14:2
**pursuant** 5:8,10
**pva** 6:11,14 7:16 7:23 9:17,21
**pva's** 12:23
**pvas** 9:25

**q**

**question** 9:11 13:10 14:25 16:1
**questions** 8:11 9:12 18:22,23
**quick** 8:10
**quite** 16:5
**quote** 11:24 12:21 12:22 15:12

**r**

**raise** 7:5
**rate** 18:8
**read** 18:25 22:5,6 22:12 23:5,6,17

**[reading - testify]**  Page 5

**reading** 5:14
  21:20
**ready** 9:9
**real** 8:10
**reason** 21:15 23:8
  24:3
**rebecca** 1:23 5:3
  6:13,24 7:19 12:1
  21:8 22:4,9 23:4
  23:13 24:20
**receipt** 21:19
**receive** 11:20
**recite** 7:17
**recognize** 11:14
**record** 6:3 7:18
  9:13 20:11 23:9
**recorded** 20:9
**records** 14:25 16:9
**reduced** 20:9
**reference** 11:8
  21:7 22:2 23:2
**referenced** 22:11
  23:15
**referring** 7:24
**relative** 20:13
**remotely** 5:7,10
**reporter** 1:25 5:13
  6:3,20 7:1,4,10
  8:18 20:1,23 22:7
**reporters** 5:4
**representative** 8:3
**request** 4:9 11:22
  12:4 13:12 14:5
  15:1,10,11 16:8,13
  16:15 18:2 23:9
  23:11
**requested** 17:15
  17:16,17
**requester** 13:3,20
  13:24 14:8,13,20
  15:6,21,25 16:12

  17:16
**requesting** 15:18
  16:7,14
**requests** 9:13
  14:25
**required** 15:9
  21:25
**respond** 14:24
  15:1
**responds** 11:23
**response** 11:19
  13:15
**returned** 21:19
**revenue** 1:14 3:6
  6:10,17
**review** 21:13 22:1
  23:1
**richard** 3:4
**richard.berelson**
  3:10
**rick** 6:9 19:1
**right** 7:5 12:1,6,11
  13:22 14:3,8,22
  18:13,17
**ritchey** 2:5,17
**rks** 4:9
**roll** 15:3 16:10
**rules** 5:9 22:5 23:5
**run** 9:3
**running** 17:8

**s**

**s** 21:16 23:8,8 24:3
**salaried** 18:11,13
**salary** 18:9
**sales** 12:15
**satisfy** 9:13 15:9
  16:12 18:2
**saw** 7:2 8:16
**saying** 9:1
**says** 11:20 12:4
  13:10 14:2,16

**schedule** 13:4 14:2
**seal** 22:15 23:21
**second** 10:4 11:3
  14:22
**see** 11:6 13:8,13
  13:17 14:9
**select** 16:25
**send** 16:18,20
**sergent** 3:5 6:16
  6:16
**servers** 16:3
**services** 3:6 6:10
**set** 20:6
**sheet** 21:14 23:7
  23:10,18 24:1
**shown** 21:16
**sic** 4:9
**sign** 19:1
**signature** 20:19
  21:15
**signed** 22:13 23:18
**signing** 5:14 21:20
**sincerely** 21:21
**sir** 12:9 21:10
**sit** 17:7
**situation** 15:14
**skill** 20:12
**solutions** 21:1
  24:1
**somebody** 13:25
  16:18
**sorry** 10:9
**sort** 10:4 13:11
**spoke** 12:18 16:15
**standard** 14:18
**started** 9:24
**state** 5:13 6:4
  22:10 23:15
**statement** 22:13
  22:14 23:19,19

**states** 1:1
**step** 16:4
**steps** 16:5,11 17:3
**stipulation** 5:1
**street** 2:18 5:5
  6:12
**string** 4:8 10:8
  11:17
**stuff** 17:2
**subjects** 8:5
**submitted** 20:25
**subscribed** 22:10
  23:14 24:21
**sue** 9:6 11:5 12:3
**suite** 2:7,19 5:5
  21:2
**superior** 21:1
**sure** 14:14,15
**susan** 16:15
**swear** 5:14 7:6
**sworn** 5:10 20:7
  22:10,13 23:14,18
  24:21
**systems** 9:13
  14:24

**t**

**take** 8:25 16:19
  17:1
**taken** 5:3,8 20:5
  20:11
**talk** 8:20,20,22,23
**tatenhove** 1:6
**tax** 11:21 12:13,15
  12:17 15:3 16:9
**telephone** 2:9,21
  3:9
**terms** 15:5,9,24
  17:5
**testified** 14:14
**testify** 8:4 20:7

**[testimony - zoom]**  Page 6

| | | |
|---|---|---|
| **testimony** 7:6 22:6 22:7 23:6,9,12<br>**thank** 7:4,10<br>**things** 10:16<br>**think** 8:1,16 18:19 18:20,24 19:2<br>**thirty** 21:19<br>**thomas** 1:13 21:6 22:3 23:3<br>**three** 10:11 16:20 17:5<br>**thumb** 15:15,18<br>**time** 12:18 14:6 20:5<br>**title** 7:20 10:2 20:6<br>**today** 9:15<br>**topic** 14:22<br>**topics** 9:4,5,15 18:20<br>**total** 12:10,10<br>**transcribed** 22:7<br>**transcript** 5:15 20:5,11 21:12,13 22:5,12 23:5,11,17<br>**transfer** 16:1<br>**true** 20:11<br>**truth** 7:7,8,8 20:7 20:8,8<br>**try** 8:19<br>**turn** 10:7 11:3<br>**two** 9:5,14,25 18:1 18:19<br>**typewritten** 20:10<br>**typically** 15:16<br>**u**<br>**uh** 10:22<br>**understand** 7:23 8:13<br>**united** 1:1<br>**update** 16:16,20 17:12,20 | **updated** 16:17,19<br>**updating** 17:5,14 17:25<br>**use** 7:23 15:15,16 15:22 16:1<br>**uses** 14:24<br>**usually** 16:16<br>**v**<br>**v** 21:6 22:3 23:3<br>**valuation** 7:21,24 8:3<br>**van** 1:6<br>**various** 15:22<br>**veritext** 21:1,7 24:1<br>**veritext.com.** 21:17<br>**videoconference** 2:12,24 3:12 5:6<br>**vs** 1:11<br>**w**<br>**w** 2:4 3:4<br>**wait** 6:22 8:17 10:13 17:7,9<br>**waived** 5:16 21:20<br>**walk** 15:8<br>**walnut** 2:18<br>**want** 9:2,11 15:19 16:22 17:2<br>**wanted** 18:25<br>**wants** 18:22<br>**way** 14:10 20:14<br>**we've** 8:22 15:20 16:25 17:14<br>**website** 14:9<br>**wednesday** 5:7<br>**went** 8:17<br>**west** 5:5 6:12<br>**witness** 5:14,15 6:23 7:9 10:18,20 | 10:23 11:1 20:4 21:8,12 22:1,4,11 23:1,4,15<br>**witnesses** 19:3<br>**witness'** 21:15<br>**work** 7:2 17:11<br>**y**<br>**yeah** 19:2<br>**years** 9:20<br>**yesterday** 10:19 10:21<br>**z**<br>**zillow** 1:8 4:8 6:7 7:15 9:7 13:2,19 13:23 14:7,9,12 15:3 16:8,14 21:6 22:3 23:3<br>**zoom** 6:8,18 |

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER: THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019. PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.