UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ZILLOW, INC., <br><br> Plaintiff, <br><br> v. <br><br><br> THOMAS B. MILLER, *et al.*, <br><br> Defendants. | Civil Action No. 3:19-cv-00049-GFVT <br><br> Judge Gregory F. Van Tatenhove <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT (Doc. 69)** |

## I.      INTRODUCTION

When Plaintiff Zillow, Inc. ("Plaintiff" or "Zillow") initiated this action to challenge the constitutionality of KRS §§ 61.870(4) and 61.874(2)-(5) and section (4) of KRS § 133.047 ("Tax Roll Statute") (collectively "Commercial Purpose Fee Statutes"), its objective was to facilitate its acquisition and dissemination of information contained in the tax roll files prepared and kept by Kentucky property valuation administrators; records the Kentucky General Assembly has specifically designated as "public" under KRS § 133.047 ("Tax Roll Statute"). Like a newspaper, periodical, or other distributor of the information in public records, Zillow—through its website Zillow.com—makes it easier for the public to obtain information in Kentucky public records. In this respect, Zillow is not different than any other publisher of information in public records.

In its Opinion & Order of March 24, 2022 (Doc. 68), the Court agreed, finding that the newspaper exception of KRS § 61.870(4)(b)(1) rendered the definition of "commercial purpose" unconstitutional under the First and Fourteenth Amendments to the United States Constitution. The Court did not, however, enjoin enforcement of the Commercial Purpose Fee Statutes, but

instead severed KRS § 61.870(4)(b)(1) from the definition of "commercial purpose." (Doc. 69.) The practical effect of the Court's judgment was to leave Zillow in the same place it was before it initiated this litigation, while making it more difficult for "newspapers" and "periodicals" to obtain public records. Although the Court's ruling may prompt the Kentucky General Assembly to revisit its statute to ensure publishers of information in public records like newspapers, periodicals, and Zillow may acquire copies of these records without charge, the Court's judgment did not provide the relief Zillow sought.

Moreover, the Court's judgment impedes the Kentucky General Assembly's stated policy in enacting the Open Records Act (ORA), KRS § 61.870, *et seq.*: "that *free* and open examination of public records is in in the public interest . . ." KRS § 61.871 (emphasis added). *See also* Ky. Op. Att'y Gen. 95-ORD-12, 1995 WL 90205, at *4 (Ky. Att'y Gen. Feb. 2, 1995) ("[w]e reject the notion that commercial use of public records is inconsistent with the spirit of the [Open Records] Act"). Now, under the Court's ruling, publication and related use by newspapers and periodicals are subject to the same charges imposed on other "commercial purpose" requesters, making it less likely they will request copies of public records for dissemination to the public. Further, as the Court impliedly acknowledged, the definition of "commercial purpose" remains unconstitutional, as it still includes content-based exceptions for radio stations, televisions stations, and litigation under KRS § 61.870(4)(b)(2) & (3). (Doc. 68, at Page ID#: 3117.)

In sum, the Court's judgment leaves Zillow in the same position as it was at the beginning of this litigation; and newspapers and periodicals—parties not before this Court—worse off; a definition of "commercial purpose" that contains content-based exceptions that facially violate the First and Fourteenth Amendments; and a Kentucky Open Records Act (ORA) that does less to promote the free and open examination of public records. This is not the result Zillow sought, nor

a just result to this litigation. For this reason, Zillow respectfully moves this Court to alter or amend its judgment to sever the Commercial Purpose Fee Statutes from the ORA in their entirety, and permanently enjoin Defendants[1] from enforcing them, or, in the alternative, enjoin Defendants from enforcing the Commercial Purpose Fee Statutes against Zillow only.

## II. BACKGROUND

In its Complaint (Doc. 1), Zillow sought a declaration that the Commercial Purpose Fee Statutes were unconstitutional on their face, and as applied to Zillow, as well as a permanent injunction prohibiting Defendants from enforcing them against Zillow. The effect of the injunction sought by Zillow would have been to preclude Defendants from charging Zillow as a "commercial purpose" requester for public records. This would have permitted Zillow to obtain the tax roll file from the defendant property valuation administrators ("PVAs") for the cost of reproduction, rather than the tens of thousands of dollars the Defendant PVAs charge for these records under the Kentucky Department of Revenue's fee schedule.

Following discovery, and with the material facts undisputed, the parties filed cross-motions for summary judgment on July 14, 2021. (Docs. 60 & 61.) With its motion, Zillow tendered a proposed order by which the Court would declare the Commercial Purpose Fee Statutes unconstitutional on their face, and as applied to Zillow, under the First and Fourteenth Amendments; find that the Commercial Purpose Fee Statutes are severable from the rest of the Kentucky ORA and Tax Roll Statute; and permanently enjoin Defendants from enforcing those statutes. (Doc. 61-2.)

---

[1] Defendants are the Commissioner of the Department of Revenue, Thomas Miller, and the property valuation administrators for Shelby, Franklin, Henry, Owen, Trimble, and Clark Counties. The property valuation administrator defendants are referred to collectively as "Defendant PVAs."

3

On March 24, 2022 the Court issued its Opinion and Order granting, in part, Zillow's motion for summary judgment (Doc. 68), and entered judgment declaring only KRS § 61.870(4)(b)(1) unconstitutional. The Court further found that it could sever just the newspaper and periodical exception from the definition of "commercial purpose" without thwarting the Kentucky General Assembly's legislative intent. The Court also left unaffected the exceptions in the definition of "commercial purpose" for radio stations, television stations, and attorneys who wish to use the information in litigation or claims settlement. (Doc. 68, at Page ID#: 3117 ("Because there has been no briefing apart from passing mentions of the other exceptions, the Court deems Zillow's challenge to these exceptions waived.").)

In reaching its decision to sever only KRS § 61.870(4)(b)(1) ("Newspaper Exception") from the rest of the ORA, the Court found that "the commercial purpose distinction" could exist without this exception. (Doc. 68, at Page ID#: 3126.) The Court further found that "[t]here is no suggestion or evidence that the legislature would only desire the commercial purpose fee statutes to exist if newspapers could be exempted." (*Id.*) The Court therefore concluded that "the newspaper exceptions are severable and there is no need to invalidate the entire statutory scheme." (*Id.*)

Zillow now moves this Court to alter or amend its judgment to sever all provisions of the ORA that utilize the unconstitutional definition of "commercial purpose" and enjoin enforcement of those provisions.[2]

---

[2] An amendment of the Court's Judgment as sought by this motion would afford Zillow the relief it sought by its Complaint, albeit on grounds slightly different than those argued in its Complaint (Doc. 1) and in support of its Motion for Summary Judgment (Doc. 61). Zillow nevertheless preserves, and does not waive its right re-assert such arguments in any subsequent appeal of this action.

### III. ARGUMENT

#### A. Standard of Review

A motion under Fed. R. Civ. P. 59(e) permits a district court to reconsider a judgment in the 28 day period following entry of judgment. *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). Under Rule 59(e) the district court may alter or amend judgment where it finds: (1) "a clear error of law[,]" (2) "newly discovered evidence[,]" (3) "an intervening change in controlling law[,]" or (4) "a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). The grant or denial of a Rule 59(e) motion "is within the informed discretion of the district court[.]" *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

#### B. The Court's Judgment results in manifest injustice to parties not before the Court.

The Court's Judgment severing only KRS § 61.870(4)(b)(1) from the definition of "commercial purpose" found in that same section alters the definition of "commercial purpose." Under the Court's Judgment, "[p]ublication or related use of a public record by a newspaper or periodical" may now be a "commercial purpose" within the meaning of KRS § 61.870(4)(a) when the newspaper or periodical expects their use will generate a profit (e.g., advertising fees).

Where a district court determines a definition within a statute is unconstitutional, it must determine whether the definition section may be severed, leaving a constitutional definition. In doing so, the district court should not introduce new terms or add a narrowing interpretation to a statute in order to save a portion of it. *See Eubanks v. Wilkinson,* 937 F.2d 1118, 1122 (6th Cir.1991) (holding that while federal courts will construe ambiguities in statutes to avoid

5

constitutional difficulty when "fairly possible," "the general federal rule is that courts do not rewrite statutes to create constitutionality."). Likewise, deletion of language could compound a problem where the deletion is within the definition of a term. *Eubanks v. Stengel,* 28 F. Supp. 2d 1024, 1041 (W.D. Ky. 1998) ("Where the overbreadth of [the statutory] definition causes a constitutional problem, a court would only compound the problem by deleting the specific definition."). Moreover, circuit courts have expressed doubt over resulting definitions where portions of a definition, and exceptions to the definition are struck. *Nat'l Advert. Co. v. Town of Niagara*, 942 F.2d 145, 149 (2d Cir. 1991) (noting the district court's severance of an exception to a definition and questioning "if it does not mean that, what is its meaning?").

The Court's Judgment severing KRS § 61.870(4)(1)(b), referred to as the "Newspaper Exception," from the definition of "commercial purpose," leaves Zillow in no better or worse a position than it was when it filed this action. To obtain the Tax Roll File, Zillow will need to pay over one-hundred thousand dollars to the six Defendant PVAs, consistent with the DOR's fee schedule. This is so because Zillow remains a "commercial purpose" requester under the revised definition of "commercial purpose." In other words, it is as difficult for Zillow to obtain the Tax Roll File now as it was in 2019, and the burden on its ability to obtain and publish information in these public records remains firmly in place.

What the Court's Judgment does do, however, is make newspapers and periodicals— publishers whose activities the Kentucky General Assembly expressly excluded from the definition of "commercial purpose"—commercial purpose requesters when they publish information in public records with the expectation of receiving a profit from advertising fees. By altering the definition of "commercial purpose," the Court has imposed a new burden on the speech of other publishers not before the Court, and made the examination of public records in Kentucky

6

less "free and open"; a result at odds with the stated policy of the Kentucky General Assembly in enacting the ORA. *See* KRS § 61.871.

> 1. *The Court erred when it found that there was "no suggestion or evidence that the legislature would only desire the commercial purpose fee statutes to exist if newspapers could be exempted."*

Central to the Court's decision that it could sever only the Newspaper Exception from the definition of "commercial purpose" was its conclusion that there was "no suggestion or evidence that the legislature would only desire the commercial purpose fee statutes to exist if newspapers could be exempted." (Doc. 68, at Page ID#: 3126.) In reaching this conclusion, the Court did not address KRS § 61.871, which provides:

> The General Assembly finds and declares that the basic policy of KRS 61.870 to 61.884 is that *free* and open examination of public records is in the public interest and the exceptions provided for by KRS 61.878 or otherwise provided by law shall be strictly construed, even though such examination may cause inconvenience or embarrassment to public officials or others.

(emphasis added).

This statement of legislative policy in the statutory scheme itself is strong evidence that the General Assembly viewed an exception from the definition of "commercial purpose" for those that publish the information for public consumption as essential to fulfill this broader policy objective. *See Regan v. Time, Inc.*, 468 U.S. 641, 642 (1984) ("[w]hether an unconstitutional provision is severable from the remainder of the statute in which it appears is largely a question of legislative intent"). *Cf. Dole v. United Steelworkers of Am.*, 494 U.S. 26, 35 (1990) ("in expounding a statute, we are not guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy" (internal quotations omitted)).

Indeed, the statute is the only evidence of legislative intent available to the Court for purposes of assessing what the General Assembly would have done had it been given a choice

7

between excepting publishing activities of newspapers and periodicals and treating them like any other for-profit business that makes money from their use of public records. And the intent evidenced by this statement of policy is that the General Assembly would have wanted to ensure the free and open examination of public records by companies that publish such information for public consumption, as the same definition also excepts radio stations and televisions stations who also facilitate public access. *See Eubanks*, 937 F.2d at 1129 (observing that the Supreme Court had suggested that the relevant inquiry in a severance analysis is "'whether the statute will function in a manner consistent with the intent of Congress'" (quoting *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 685 (1987))).

Given this unambiguous statement of legislative intent, the Court erred when it concluded that there was no evidence of what the legislature would have done had they been unable to include an exception for publishing or related use of public records by newspapers or periodicals. Consequently, the Court should have considered KRS § 61.871 in its analysis. And in doing so, the Court should conclude that this legislative intent provides evidence for only one conclusion, which is that severing any portion of the ORA should promote more, not less access to public records. Adding traditional newspapers and periodicals to the list of requesters that may be subject to a charge for public records does not serve that purpose. Accordingly, the Court erred when it held otherwise, and declined to sever the entirety of the Commercial Purpose Fee Statutes from the rest of the ORA.

> 2.  *The Court erred and prejudiced the rights of parties not before this Court when it expanded the definition of "commercial purpose" to encompass publishing activities of for-profit newspapers and periodicals.*

As the Sixth Circuit has observed, "the general federal rule is that courts do not rewrite statutes to create constitutionality." *Eubanks*, 937 F.2d at 1122. This is particularly true when

applied to state statutes. *Id.* at 1126 ("This Circuit has adhered to the principle that a federal court 'has very limited powers in construing state statutes or municipal ordinances.'" (internal quotations omitted)).

By severing KRS § 61.874(4)(b)(1) from the definition of "commercial purpose," the Court changed the definition of "commercial purpose," but in a manner that had no effect on Zillow's ability to obtain public records from the Defendant PVAs. Instead, the Court has subjected newspapers and periodicals seeking public records to publish to the same restrictions Zillow faces. In other words, the primary effect of the Court's Judgment is to remove the protections the General Assembly saw fit to afford newspapers and periodicals who published public records from the charges authorized by the Commercial Purpose Fee Statutes, without removing the burden on Zillow's ability to obtain and publish these public records.

This result is manifestly unjust. The purpose of the ORA is to promote access to public records. The relief requested by Zillow would have promoted access for Zillow, and other "commercial purpose" requesters. By its as-applied challenge, Zillow sought to be treated the same way as traditional newspapers and periodicals, *i.e.*, to be able to obtain the Tax Roll File from the Defendant PVAs as a noncommercial requester. Either outcome would promote public access to information in public records. But the Judgment in this case does not, and as such, the Court should alter or amend it so that it is consistent with the purposes of the ORA.

**C. The Court should alter or amend its judgment to either (1) sever and enjoin enforcement of the Commercial Purpose Fee Statutes in their entity; or (2) enjoin enforcement of the Commercial Purpose Fee Statutes as to Zillow.**

The Court may achieve a result consistent with the purposes of the ORA in one of two ways, either of which would afford Zillow the relief it sought in its Complaint. First, the Court may alter its Judgment so as to sever the Commercial Purpose Fee Statutes from the remainder of

9

the ORA, and enjoin Defendants from enforcing them generally. This would afford others beyond Zillow relief, and promote access to public records consistent with the intent of the Kentucky General Assembly.

Alternatively, the Court may enjoin enforcement of the Commercial Purpose Fee Statutes as to Zillow on the ground that not applying the Newspaper Exception to it—given its intended use for the public records—violated Zillow's First and Fourteenth Amendment rights. This result is likewise consistent with the intent of the Kentucky General Assembly in excepting publication and related use by newspapers and periodicals from the definition of "commercial purpose." Further, this remedy would appropriately resolve Zillow's as applied challenge to the statute, as it would put Zillow on equal footing with newspapers and periodicals, rather than put non-parties on equal footing with Zillow, consistent with the policy objective of promoting free and open examination of public records.

## IV.   CONCLUSION

For the reasons set forth, Zillow respectfully requests that the Court grant its motion to alter or amend the Court's March 24, 2022 Judgment (Doc. 69) so as to either: (1) sever the Commercial Purpose Fee Statutes from the ORA in their entirety, and permanently enjoin Defendants from enforcing them; or (2) enjoin Defendants from enforcing the Commercial Purpose Fee Statutes as to Zillow only.

                                              Respectfully submitted,

                                              */s/* Darren W. Ford
                                              J. Stephen Smith (KBA 86612)
                                              Darren W. Ford (KBA 95373)
                                              GRAYDON HEAD & RITCHEY LLP
                                              2400 Chamber Center Drive
                                              Suite 300
                                              Ft. Mitchell, KY 41017
                                              Phone: (859) 578-7263
                                              Facsimile: (859) 578-3073

        Email:  ssmith@graydon.com
            dford@graydon.com

        &

        John C. Greiner (*Pro Hac Vice*)
        Kellie A. Kulka (*Pro Hac Vice*)
        GRAYDON HEAD & RITCHEY LLP
        312 Walnut Street
        Suite 1800
        Cincinnati, OH  45202
        Phone: (513) 621-2734
        Fax:     (513) 651-3836
        E-mail:jgreiner@graydon.com
        ATTORNEYS FOR PLAINTIFF

11733510.3