UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ZILLOW, INC., <br><br> Plaintiff, <br><br> v. <br><br> THOMAS B. MILLER, *et al.,* <br><br> Defendants. | Civil Action No. 3:19-cv-00049-GFVT <br><br> Judge Gregory F. Van Tatenhove |

**PLAINTIFF/INTERVENOR-DEFENDANT ZILLOW, INC.'S ANSWER TO INTERVENING COMPLAINT OF KENTUCKY PRESS ASSOCIATION AND AMERICAN CITY BUSINESS JOURNALS, D/B/A LOUISVILLE BUSINESS FIRST SEEKING DECLARATORY RELIEF**

For its answer to The Kentucky Press Association ("KPA") and American City Business Journals, Inc., d/b/a/ Louisville Business First (collectively, "Intervenors"), Plaintiff/Intervenor-Defendant Zillow, Inc. ("Plaintiff" or "Zillow") states:

1. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Intervening Complaint.

2. Zillow admits that the Court's decision referenced in paragraph 2 of the Intervening Complaint materially impairs the rights of newspapers and periodicals by exposing them to the often excessive fees that state and local agencies may assess on those who use the Kentucky Open Records Act ("Act") to request records that are to be used for a "commercial" purpose. Zillow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 of the Intervening Complaint.

  3. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Intervening Complaint.

  4. Zillow admits the allegations in paragraph 4 of the Intervening Complaint

  5. Zillow states that the allegations set forth in paragraph 5 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8. To the extent a response is required, Zillow denies the allegations.

  6. Zillow admits that agencies responding to commercial requests typically demand that requesters agree to contractual limitations on the distribution of records they obtain under the Act. Zillow states that the remaining allegations set forth in paragraph 6 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8. To the extent a response is required, Zillow denies the allegations.

  7. Zillow admits that the ability of agencies to charge for expenses relating to compliance with public records requests under the Act discourages people from making public records requests. Zillow states that the remaining allegations set forth in paragraph 7 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8. To the extent a response is required, Zillow denies the allegations.

  8. Zillow states that the allegations set forth in paragraph 8 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8.

9. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Intervening Complaint.

10. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Intervening Complaint.

11. Zillow admits the allegations in paragraph 11 of the Intervening Complaint.

12. Zillow denies that Daniel P. Bork is the current Commissioner of the Kentucky Department of Revenue ("DOR"), and further states that Thomas B. Miller is the current Commissioner of DOR and has been substituted as party-defendant in this action by operation of Fed. R. Civ. P. 25(d). Zillow admits the remaining allegations in paragraph 12 of the Intervening Complaint.

13. Zillow admits the allegations in paragraph 13 of the Intervening Complaint.

14. Zillow admits the allegations in paragraph 14 of the Intervening Complaint.

15. Zillow admits the allegations in paragraph 15 of the Intervening Complaint.

16. Zillow admits the allegations in paragraph 16 of the Intervening Complaint.

17. Zillow admits the allegations in paragraph 17 of the Intervening Complaint.

18. Zillow admits the allegations in paragraph 18 of the Intervening Complaint.

19. Zillow admits the allegations in paragraph 19 of the Intervening Complaint.

20. Zillow admits the allegations in paragraph 20 of the Intervening Complaint.

21. Zillow admits the allegations in paragraph 21 of the Intervening Complaint.

22. Zillow admits the allegations in paragraph 22 of the Intervening Complaint.

23. Zillow admits the allegations in paragraph 23 of the Intervening Complaint.

24. Zillow admits the allegations in paragraph 24 of the Intervening Complaint.

25. Zillow admits the allegations in paragraph 25 of the Intervening Complaint.

26. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Intervening Complaint.

27. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Intervening Complaint.

28. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Intervening Complaint.

29. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Intervening Complaint.

30. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Intervening Complaint.

31. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Intervening Complaint.

32. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Intervening Complaint.

33. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Intervening Complaint.

34. Zillow states that the allegations set forth in paragraph 34 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8. To the extent a response is required, Zillow denies the allegations.

35. Zillow states that the allegations set forth in paragraph 35 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8.

36. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Intervening Complaint.

37. Zillow states that the allegations set forth in paragraph 37 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8.

38. Zillow states that the allegations set forth in paragraph 38 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8.

39. Zillow admits that the Court's decision will make it more difficult for newspapers and periodicals to obtain and use public records in their reporting. Zillow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 39 of the Intervening Complaint.

40. Zillow repeats its responses to the allegations in paragraphs 1 through 39 of the Intervening Complaint, as if fully restated herein.

41. Zillow states that the allegations set forth in paragraph 41 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8. To the extent a response is required, Zillow denies the allegations.

42. Zillow states that the allegations set forth in paragraph 42 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8. To the extent a response is required, Zillow denies the allegations.

43. Zillow states that the allegations set forth in paragraph 43 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8. To the extent a response is required, Zillow denies the allegations.

44. Zillow states that the allegations set forth in paragraph 44 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8. To the extent a response is required, Zillow denies the allegations.

45. Zillow states that the allegations set forth in paragraph 45 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8. To the extent a response is required, Zillow denies the allegations.

46. Zillow states that the allegations set forth in paragraph 46 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8.

47. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Intervening Complaint.

48. Zillow states that the allegations set forth in paragraph 48 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8.

49. Zillow states that the allegations set forth in paragraph 49 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied

within the meaning of Fed. R. Civ. P. 8. To the extent a response is required, Zillow denies the allegations..

50. Zillow states that the allegations set forth in paragraph 50 of the Intervening Complaint constitute legal argument and conclusions of law, which cannot be admitted or denied within the meaning of Fed. R. Civ. P. 8.

WHEREFORE, Plaintiff/Intervenor-Defendant Zillow respectfully requests that the Intervening Complaint be dismissed and that judgment be entered in its favor.

Respectfully submitted,

*/s/* Darren W. Ford
J. Stephen Smith (KBA 86612)
Darren W. Ford (KBA 95373)
GRAYDON HEAD & RITCHEY LLP
2400 Chamber Center Drive
Suite 300
Ft. Mitchell, KY 41017
Phone: (859) 578-7263
Facsimile: (859) 578-3073
Email:  ssmith@graydon.com
          dford@graydon.com

&

John C. Greiner (*Pro Hac Vice*)
Kellie A. Kulka (*Pro Hac Vice*)
GRAYDON HEAD & RITCHEY LLP
312 Walnut Street
Suite 1800
Cincinnati, OH  45202
Phone: (513) 621-2734
Fax:     (513) 651-3836
E-mail:jgreiner@graydon.com

ATTORNEYS FOR PLAINTIFF ZILLOW, INC.

11777153.3