UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ZILLOW, INC., <br><br> Plaintiff, <br><br> v. <br><br> THOMAS B. MILLER, *et al.*, <br><br> Defendants. | Civil Action No. 3:19-cv-00049-GFVT <br><br> Judge Gregory F. Van Tatenhove <br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES** |

In their memorandum in opposition to Zillow, Inc.'s ("Zillow") Motion for Attorney's Fees[1], Defendants rely heavily on the United States Supreme Court decision in *Farrar v. Hobby,* 506 U.S. 103, 111-12 (1992). *Farrar* reviewed a case involving a plaintiff's award of $1 in nominal damages and the court's affirmance of the decision not to award the plaintiff attorney's fees.

But *Farrar* was later clarified in the Supreme Court's holding in *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 603-04 (2001). There, the Supreme Court held,

> In designating those parties eligible for an award of litigation costs, Congress employed the term 'prevailing party,' a legal term of art. Black's Law Dictionary 1145 (7th ed.1999) defines "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded <in certain cases, the court will award attorney's fees to the prevailing party>.—Also termed *successful party*." This view that a 'prevailing party' is one who has been awarded some relief by the court can be distilled from our prior cases.

---

[1] Zillow has filed a motion to alter or amend the Court's order on the parties' motions for summary judgment to enjoin enforcement of the Commercial Purpose Fee Statutes in their entirety, or as to Zillow specifically. But as Zillow did obtain a portion of the relief sought in its Complaint, it is a prevailing party within the meaning of 42 U.S.C. § 1988, and is eligible for an award of its reasonable attorney's fees.

*Id.* at 603. The Court further held that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id*. at 604.[2]

The Defendants' reliance on *McQueary v. Conway,* 614 F. 3d 591 (6th Cir. 2010) is equally misplaced. In *McQueary*, the Sixth Circuit noted, "[i]n considering whether a claimant directly benefitted from litigation, we usually measure the plaintiff's gain based on the relief requested in his complaint, not based on the practical significance of the relief obtained*."* *Id.* at 602. Here, Zillow sought an order declaring a portion of the Kentucky Open Records Act constitutionally infirm, and it obtained a judgment finding just that. To delve into the practical significance of the ruling would, in the words of the Sixth Circuit, "create a costly side show." *Id.*

Because Zillow obtained a judgment in its favor to that effect it is the prevailing party in this case. As such, it is entitled to recover its reasonable attorney's fees. Zillow therefore respectfully requests that the Court grant its Motion for Attorney's Fees.

> Respectfully submitted,
>
> */s/* Darren W. Ford
> J. Stephen Smith (KBA 86612)
> Darren W. Ford (KBA 95373)
> GRAYDON HEAD & RITCHEY LLP
> 2400 Chamber Center Drive
> Suite 300
> Ft. Mitchell, KY 41017
> Phone: (859) 578-7263
> Facsimile: (859) 578-3073
> Email: ssmith@graydon.com

---

[2] This language is consistent with the holding in *Farrar* that "[n]o material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment . . . against the defendant." *Farrar*, 506 U.S. at 113. Here, Zillow obtained an enforceable judgment.

        dford@graydon.com

&

John C. Greiner (*Pro Hac Vice*)
Kellie A. Kulka (*Pro Hac Vice*)
GRAYDON HEAD & RITCHEY LLP
312 Walnut Street
Suite 1800
Cincinnati, OH  45202
Phone: (513) 621-2734
Fax:     (513) 651-3836
E-mail:jgreiner@graydon.com

ATTORNEYS FOR PLAINTIFF ZILLOW, INC.

11787272.2