UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ZILLOW, INC., <br><br> Plaintiff, <br><br> v. <br><br><br> THOMAS B. MILLER, *et al.,* <br><br> Defendants. | Civil Action No. 3:19-cv-00049-GFVT <br><br> Judge Gregory F. Van Tatenhove <br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT** |

## I.  INTRODUCTION

In their memorandum in opposition to Zillow's Motion to Alter or Amend Judgment (Doc. 75), Defendants misstate Zillow's position. This is most evident at page four of their memorandum, when Defendants suggest that Zillow is somehow seeking records "without cost." This is plainly not the case, and it has never been Zillow's position in this action. Rather, in seeking to alter or amend the Court's March 24 Judgment (Doc. 69), Zillow is asking the Court to avoid a result that is contrary to case law governing statute severability, and harms newspapers and periodicals, who were not parties to this litigation, until recently.

## II.  ARGUMENT

Despite its finding that the definition of "commercial purpose" violated the First and Fourteenth Amendments, the Court did not invalidate those portions of the Kentucky Open Records Act (ORA) that employ that term, but instead severed the exception for newspapers and periodicals from the definition, and redefined the term. The result of the Court's Judgment— which imposes a new burden on newspapers and periodicals, while leaving Zillow's unchanged—

is inconsistent with the intent of the Kentucky General Assembly. That intent was not to provide "free" records to Zillow, but rather, on a broader scale, to encourage the "free and open examination of public records," i.e., to minimize the burden on those who seek to obtain public records from the Commonwealth. This intent is clear in the General Assembly's instruction that exceptions to disclosure be "strictly construed."

As Zillow argued in its Motion, the Kentucky General Assembly did not intend to burden entities that publish information gleaned from public records with the costs levied on commercial requesters. Both the general statement of the purpose of the ORA, and the specific exemption granted newspapers, periodicals and broadcasters, evidence that intent. *See Capitol Resources Corp. v. Dept. of State Police,* No. 2006-CA-000803-MR, 2007 WL 2332716 (Ky. Ct. App. Aug. 3, 2007) (unpublished). In the *Capitol Resources* decision, the court of appeals emphasized the importance of "free and open: access to records in the context of newsgathering." To burden newspapers and periodicals with commercial requester costs is plainly contrary to the intent of the ORA.

In deciding whether to sever the newspaper and periodical exemption from the statute, a court must consider whether the severed act is consistent with the object and policy of the originally enacted statute. *See Regan v. Time, Inc.,* 468 U.S. 641, 642 (1984); *Dole v. United Steelworkers of Am.,* 494 U.S. 26, 35 (1990). The severed statute, which makes it more expensive for newspapers and periodicals to publish the content of public records, is not consistent with the object and policy of the original statute. And this is not because Zillow has to pay some charge for the records, but rather because the steeper charge now in place makes publication of public record information less free, and less open, contrary to the stated legislative purpose.

Further, the consequences of the Court's Judgment are precisely what Justice Gorsuch cautioned against in his dissenting opinion in *Barr v. American Assoc. of Political Consultants, Inc.,* 140 S. Ct. 2335, 2366 (2020). There, Justice Gorsuch noted that the majority's severance remedy resulted in less speech, not more speech, despite the Court's holding that the Telephone Consumer Protection Act violated the First Amendment. *Id.* He stated,

> [t]he First Amendment isn't so neutral. It pushes, always, in one direction: against governmental restrictions on speech. Yet somehow, in the name of vindicating the First Amendment, our remedial course today leads us to the unlikely result that not a single person will be allowed to speak more freely, and, instead, more speech will be banned.

The consequences of the Judgment at issue are similar. There will be less dissemination of public information, and therefore less speech, as the Court's Judgment places the current burden on Zillow's speech imposed by the Commercial Purpose Fee Statutes on newspapers and periodicals, but does not lessen the burden on Zillow's speech. Such a result is at odds with the First Amendment.

Thus, to avoid a result that is plainly inconsistent with the General Assembly's legislative intent and the First Amendment, and to avoid manifest injustice to third-parties who now bear a burden they did not previously bear, this Court should either: (1) alter its Judgment so as to sever the Commercial Purpose Fee Statutes from the remainder of the ORA, and enjoin Defendants from enforcing them generally; or (2) enjoin enforcement of the Commercial Purpose Fee Statutes as applied to Zillow on the ground that not applying the Newspaper Exception to it—given its intent to publish the information—violates Zillow's First and Fourteenth Amendment rights.

### III. CONCLUSION

For these reasons, and those in Zillow's memorandum in support of its Motion, Zillow respectfully requests that this Court to alter or amend its Judgment as set forth in the proposed order attached to Zillow's Motion.

Respectfully submitted,

*/s/* Darren W. Ford
J. Stephen Smith (KBA 86612)
Darren W. Ford (KBA 95373)
GRAYDON HEAD & RITCHEY LLP
2400 Chamber Center Drive
Suite 300
Ft. Mitchell, KY 41017
Phone: (859) 578-7263
Facsimile: (859) 578-3073
Email: ssmith@graydon.com
         dford@graydon.com

&

John C. Greiner (*Pro Hac Vice*)
Kellie A. Kulka (*Pro Hac Vice*)
GRAYDON HEAD & RITCHEY LLP
312 Walnut Street
Suite 1800
Cincinnati, OH  45202
Phone: (513) 621-2734
Fax:    (513) 651-3836
E-mail:jgreiner@graydon.com

ATTORNEYS FOR PLAINTIFF ZILLOW, INC.

11787495.2