UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ZILLOW, INC., <br><br> Plaintiff, <br><br> v. <br><br> DANIEL P. BORK, *et al.*, <br><br> Defendants. | Civil No. 3:19-cv-00049-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Zillow's Motion to Amend Judgment. [R. 71.] Zillow brought this action challenging two distinctions drawn in Kentucky's Open Records Act. [R. 1 at 22-24.] The Court ultimately agreed with one of its arguments, finding that the Act's provision excepting newspapers from paying a commercial purpose fee to access public records violates the First and Fourteenth Amendments. [R. 68.] It entered partial summary judgment in Zillow's favor and enjoined the Defendants from enforcing the Newspaper Exception. [*Id.*; R. 69.] Now, Zillow asks the Court to amend its Judgment because this result did not grant Zillow its desired relief. [R. 71-1.] Zillow does not establish that the Court committed clear error or that its Judgment caused manifest injustice, so the Motion to Amend **[R. 71]** is **DENIED**.

**I**

Zillow brought this action challenging two distinctions drawn in the Commercial Purpose Fee Statutes, a section of Kentucky's Open Records Act. First, it challenged KRS § 61.874, which allows those requesting public records to be charged a "reasonable fee" if the request is for a commercial purpose. [R. 1 at 23-24; R. 61 at 17-21.] The Court found that distinguishing

between commercial and non-commercial requesters is constitutional. [R. 68 at 8-9.] Zillow also challenged KRS § 61.870(4), which excepts newspapers from the commercial purpose fee. [R. 1 at 24; R. 61 at 21-24.] The Court agreed that this exception violates Zillow's rights to free speech and equal protection. [R. 68 at 9-14, 16-17.] It found that the exception is severable from the Open Records Act as a whole and declared it unconstitutional. *Id.* at 17.

The ultimate consequence of the Court's ruling is that Zillow still must pay commercial purpose fees to obtain public records, as do newspapers if their request is for a commercial purpose. Unsurprisingly, this outcome did not satisfy Zillow. Zillow now asks the Court to amend its Judgment. [R. 71.] It argues that the Court's ruling was "not the result Zillow sought, nor a just result to this litigation." [R. 71-1 at 2-3.]

## II

Zillow moves to alter the Judgment under Rule 59(e). [*See* R. 71-1 at 5.] Rule 59(e) allows a litigant to file a motion to alter or amend a judgment of a district court where there has been a clear error of law, newly discovered evidence, an intervening change in the law, or to prevent manifest injustice. *See, e.g.*, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999). A motion under Rule 59(e) is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Further, a "manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Whether to grant or deny a Rule 59(e) motion is generally within the district court's sound discretion. *See Engler*, 146 F.3d at 374.

A

1

First, Zillow argues that the Court committed clear error. The majority of its Motion complains that "the Court's judgment did not provide the relief Zillow sought." [R. 71-1 at 2.] Zillow repeatedly takes issue with the fact that the Court's ruling "leaves Zillow in no better or worse a position than it was [in] when it filed this action" because it still must pay "over one-hundred thousand dollars" to obtain the tax roll file. [R. 71-1 at 6.]

Zillow's dissatisfaction with the outcome of its case does not establish clear error. It did not obtain the relief it sought because it was not successful on all of its claims. Zillow argued that the Commercial Purpose Fee Statutes drew unconstitutional content-based distinctions between commercial and non-commercial purpose requesters and speaker-based distinctions between requesters like itself and newspapers, periodicals, radio and television stations, and other "informational programs." [R. 61 at 17-19.] For Zillow to obtain the outcome it desired—not having to pay the commercial purpose fee—it would have to successfully show either that the commercial/non-commercial purpose distinction is unconstitutional or that the newspaper exception is unconstitutional *and* is not severable.

Neither outcome occurred. The Court concluded that the commercial/non-commercial purpose distinction passes constitutional muster while the Newspaper Exception does not. [R. 68 at 9-18.] But it held that the exception is severable. *Id.* When reaching this conclusion, the Court was aware that Zillow was not obtaining its requested relief. But the Court is bound to the Constitution, not the desires of the parties before it. Zillow fails to establish that it not obtaining its desired result constitutes clear error.

3

2

Zillow also claims that the Court erroneously concluded that the Newspaper Exception could be severed from the broader Open Records Act. [R. 71-1 at 7-8.] After finding the Newspaper Exception to be unconstitutional, the Court concluded that it could be severed because there is "no suggestion or evidence that the legislature would only desire the commercial purpose fee statutes to exist if newspapers could be exempted." [R. 68 at 18.]

Zillow argues that the legislature did suggest as such in KRS § 61.871, which states that the basic policy of the Commonwealth's Open Records Act "is that free and open examination of public records is in the public interest." It frames this statement as "strong evidence that the General Assembly viewed an exception from the definition of 'commercial purpose' for those that publish the information for public consumption as essential to fulfill this broader policy objective." [R. 71-1 at 7.] The General Assembly's statement that "free and open examination of public records is in the public interest" does not support this conclusion. KRS § 61.871. The legislature did not intend that all examination of public records be literally "free" because it provided for the imposition of fees on those seeking records for a commercial purpose. KRS § 61.874(4). Thus, the legislature's broad statement that open access to public records benefits the public does not establish that the Newspaper Exception is non-severable. Zillow fails to establish that the Court committed clear error in concluding that the Newspaper Exception could be severed from the Open Records Act.

Zillow also argues that the Court "erred and prejudiced the rights of parties not before this Court" because its ruling results in newspapers being subject to the commercial purpose fee. [R. 71-1 at 8.] Zillow does not explain how this constitutes legal error. It cites cases limiting the Court's ability to re-write statutes. *Id.* (citing *Eubanks v. Wilkinson*, 937 F.3d 1118, 1122 (6th

4

Cir. 1991)).  The Court's conduct is not comparable to the cited cases.  It did not impermissibly "modify" the statute or "supply limiting language." *See Eubanks*, 937 F.3d at 1122.  It also did not delete a specific definition in an otherwise overbroad statute or strike a definition to the extent that a statute lost its meaning.  [R. 71-1 at 5-6 (citing *Eubanks v. Stengel*, 28 F. Supp. 2d 1024, 1041 (W.D. Ky. 1998) and *Nat'l Advert. Co. v. Town of Niagara*, 942 F.2d 145, 149 (2nd Cir. 1991)).  Rather, it determined "what the law is" by exercising "the negative power to disregard an unconstitutional enactment." *Lindenbaum v. Realgy, LLC*, 13 F.4th 524, 528 (6th Cir. 2021) (quoting *Marbury v. Madison*, 5 U.S. 137, 177 (1803) and *Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923)).

Having determined that the Newspaper Exception is unconstitutional, the Court disregarded it and asked whether Kentucky's Open Records Act can function without it.  [R. 68 at 18.]  It determined that it can.  Zillow's citation to the general purpose of the Act—free and open access to public records—does not establish that the Act cannot function without the Newspaper Exception.  Accordingly, Zillow did not establish that the Court committed clear error.

## B

### 1

Second, Zillow claims that the Judgment resulted in manifest injustice.  It argues that it is a manifest injustice to "remove the protections the General Assembly saw fit to afford newspapers and periodicals who published records" from the commercial purpose fee "without removing the burden on Zillow's ability to obtain and publish these records."  [R. 71-1 at 9.]  It suggests that it only raised an as-applied challenge to the newspaper exception, so the only appropriate remedy is enjoining "enforcement of the Commercial Purpose Fee Statutes as to

Zillow on the ground that not applying the Newspaper Exception to it" is unconstitutional. *Id.* at 10. Put more simply, Zillow asks the Court to enjoin the Defendants from *not* applying the Newspaper Exception to it.

The Court need not engage in such procedural acrobatics. Zillow did claim that the Newspaper Exception is facially unconstitutional. [*See* R. 1 at 23-24.] It alleged that the Commercial Purpose Fee Statutes "are unconstitutional on their face, and as applied to Zillow, as they impose both content- and speaker-based burdens." *Id.* at 23. It defined the speaker-based burden by reference to the Newspaper Exception. *Id.* at 24. Zillow also argued that the exception is facially unconstitutional in its Motion for Summary Judgment. [R. 61 at 17-18.] The Court agreed with its claim that the exception facially draws an unconstitutional speaker-based distinction. [R. 68 at 9-14.] The appropriate remedy for an unconstitutional provision is to strike the provision.

Zillow's request—that the Court enjoin the state from not applying the newspaper exception to it—is illogical. [R. 71-1 at 10.] The remedy for an unconstitutional provision is not to apply it to everyone; it is to apply it to no one. Zillow is attempting to use the Court's ruling on one of its claims—the unconstitutionality of the Newspaper Exception—to obtain the relief it sought on its other claim—the unconstitutionality of the Commercial Purpose Fee Statutes. If Zillow were correct and all commercial requesters should be subject to the exception, the end result would be eliminating the commercial/non-commercial distinction. But Zillow is not entitled to that relief because it did not succeed on that claim. Striking the Newspaper Exception does not result in manifest injustice.

**2**

Zillow also suggests the ruling is unjust because it prejudices parties not before the Court. [*See* R. 71-1 at 6.] Specifically, it argues that the court "imposed a new burden on the speech of" newspapers seeking public records which expect to profit off of publishing those records. *Id.* It does not explain why the Court does not have the authority to issue a constitutional ruling affecting parties which are not before it. In fact, this risk is inherent in the Court's ability to deem legislation facially unconstitutional. Further, newspapers' interests will now be represented on appeal because the Kentucky Press Association and American City Business Journals, Inc. intervened for this purpose after the Court entered Judgment. [R. 72; R. 74.] Zillow does not establish that the Court's ruling resulted in manifest injustice.

**III**

Zillow challenged two distinctions drawn by Kentucky's Open Records Act. The Court determined that one is constitutional but the other is not. The consequence of that ruling exposed newspapers to more fees for certain open records requests and did not change Zillow's position. As Zillow indicates, the ruling may "prompt the Kentucky General Assembly to revisit its statute." [R. 71-1 at 2.] Petitioning the legislature, or the Sixth Circuit Court of Appeals, are the appropriate venues for Zillow to challenge the Court's ruling. But because Zillow failed to show that the Court committed clear error or caused manifest injustice, its Motion to Alter or Amend Judgment **[R. 71]** is **DENIED**.

This the 3rd day of March, 2023.

Gregory F. Van Tatenhove
United States District Judge